### E. SACRA v. W. F. STEWART AND OTHERS.

1—The exclusion of evidence which, if introduced, could only have established facts which were admitted in the pleadings of the opposing party, could work no prejuduce to the party who offered it; and, therefore, can not entitle him to a reversal of judgment.

2—When, under our statute, a defendant is interrogated by the plaintiff, he has a right to state other facts tending to his defense, and closely connected with the fact on which he is interrogated, and such other facts have as much effect as his answer to the question itself; and a denial of such other facts by the plaintiff, in an amended petition, can not impair or invalidate their force and effect as evidence.

APPEAL from Grayson.        Tried below before the Hon. Hardin Hart.

This suit was brought by Sacra against W. F. Stewart, Susan R. Fry and Edward Wood. The note in question was executed by Stewart to Susan R. Fry or order, on the 1st of September, 1862, payable one day after date, for $1500, for "value received in land." The petition alleged that the defendant Wood was the present owner and possessor of the land, which he had purchased with notice of the lien on it for the purchase money covered by the note.

The opinion states the other facts so far as they are material.

There being verdict and judgment in favor of the defendants below, and the plaintiff's motion for a new trial being overruled, he appealed.

*S. Hare* and *W. M. Walton,* for the appellant.

*Hancock & West*, for the appellees.

LINDSAY, J.—The only error assigned in this case is the refusal of the court to permit a note, made profert of in the petition, to be read as evidence to the jury on the trial. This raises the question whether the exclusion of the note from the jury, in the actual state of the pleadings between the parties, worked any injury to the plaintiff on the trial?

The petition alleged that one of the three defendants to this suit had executed the note to another of them; that he, plaintiff, had paid the obligee the amount of the note, and that it was transferred to him by delivery, without indorsement (it being a note payable to the obligee or order); that he was the holder and owner of the note for a valuable consideration; that the note was given for the purchase money of land conveyed by the obligee to the obligor; that the obligor had sold and conveyed the land to another, who was made the third defendant to the suit; and he asked judgment upon the note, and an enforcement of the vendor's lien against the land in the possession of the purchaser, who was charged with notice of the lien. Attached to the petition, the plaintiff files also special interrogatories, as authorized by statute, to the defendant, the obligor, to whom alone he alleges he could prove the facts therein sought for; the purport of which interrogatories was to ascertain whether the obligor had executed the note; whose money was it that was paid to the obligee in satisfaction and discharge of the note; and whether the money to pay off this note was not obtained from the plaintiff's agent; and whether the obligor had ever paid the note.

The defendant obligor alone filed an answer to the petition, admitting, in response to the interrogatories, that he had executed the note; that the plaintiff had paid, or caused to be paid, to the obligee, the amount of the note, but that the plaintiff had furnished the money to do so, according to contract between plaintiff and himself, in which he had conveyed an interest in a lot and mill for the consideration of the pre-

cise amount of money, as the note called for. The issue of fact was directly made by the petition and answer, and the response of the defendant to the interrogatories was the only evidence offered by the plaintiff to maintain his right of action, except the note, which was excluded. In the condition of the pleadings, the note would not have conduced, if it had been read, to elucidate the question between the parties in the slightest degree, because the answer admitted the execution of the note, with all its incidents as a written obligation, which the mere reading of it could no more clearly have established than it was established by such admission. Its exclusion, therefore, worked no injury to the rights of the plaintiff, and is no cause for reversal. The answer of the defendant to the plaintiff's interrogatories being the only evidence adduced to sustain the alleged cause of action, and the defendant stating " other facts tending to his defense," which were closely connected with the fact on which he was interrogated," has " as much effect," in the language of the statute, " as his answer to the question itself." If so, the whole action was defeated. Couple this, also, with the testimony of the son of the obligee of the note, introduced by the plaintiff himself, who deposed that the defendant came to his mother's house—the obligee's —and paid off the note to him, and he immediately got the note from his mother, and by her directions, delivered it to the defendant, and we are not able to find a shadow of *legal* testimony to support the claim of the plaintiff. The amended petition, which is of the nature of a replication to the answer, simply denies some of the statements in the response to the interrogatories, and sets up new matter, which, equally with the original cause of action, required proof; and that proof was not produced upon the trial. The denial, in the amended petition, of the answers to the interrogatories, neither invalidated nor impaired their force and effect. The judgment is affirmed.

Affirmed.